

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/27/2017

IN RE §
§
§
CHARLES L. DAULTON and § CASE NO. 11-33892-H5-13
GRETCHEN DAULTON §
§
(Debtors) §
§
§
§
§

## ORDER

Before the Court is the Debtors' Amended Motion for Accounting of Funds and Determination of Amounts Due to Homeowner's Association (Docket No. 262). In this contract dispute, the Northglen Association (Northglen) initially asserted that amounts received from the Debtors during this case were to be applied to the oldest debts first, such that each subsequent postpetition payment would be late and incur late charges, collection fees, and interest. After two hearings, Northglen recognized that the confirmed plan in this case governs application of the postpetition payments. The Court determines that Debtor is ahead in its payments to Northglen, and orders Northglen to pay Debtors' attorney fees in the amount of $4,489.50.

### I. Northglen's Argument Regarding Application of Payments

Debtors filed their Chapter 13 petition on May 2, 2011. Debtors filed a plan on August 11, 2011, providing for the prepetition claim of Northglen in the amount of $644.43, at 3.25 percent interest. (Docket No. 35). Debtors' plan was confirmed on August 16, 2011.[1] (Docket No. 41). Debtors

---

[1] The plan subsequently was modified twice. The modifications did not change the treatment of Northglen's claim.

P:\daulton.20170322.wpd

have completed their payments to the Chapter 13 trustee under the confirmed plan. (Docket No. 277).

On July 11, 2014, Debtors filed a proof of claim on behalf of Northglen. (Claim No. 20-1). On November 12, 2014, Northglen amended the proof of claim Debtors had filed on its behalf. (Claim No. 20-2).

Debtors made postpetition payments to Northglen in the amount of $50.00 each December 31, 2011, and on twelve occasions during 2012, three occasions during 2013, and seven occasions during 2014. Debtors made four postpetition payments in the amount of $75.00 each during 2015. (Debtors' Exhibit 2).

Debtors filed their initial Motion for Accounting of Funds and Determination of Amounts Due to Homeowner's Association from Northglen on June 10, 2016. In the initial motion, Debtors asserted that Northglen had improperly applied payments, resulting in an inflated balance for Debtors' account. Debtors asserted that Northglen had demanded payment of $2,148.52. (Docket No. 233). The motion was set for hearing on August 2, 2016, and was continued to August 16, 2016, on Northglen's motion.

Northglen did not file a substantive response to the initial motion. Northglen's counsel, Shawn McKee, appeared at the hearing on August 16, 2016, and argued that he believed the purpose of the hearing was to order Northglen to provide an accounting, rather than to address the proper application of Debtor's postpetition payments. The hearing was continued to September 6, 2016.

On August 31, 2016, Debtors filed their Amended Motion for Accounting of Funds and Determination of Amounts Due to Homeowner's Association. In the amended motion, Debtors request attorney fees. Debtors assert that Northglen's actions and inactions required Debtors to filed

the proof of claim on Northglen's behalf and to file the motions for accounting. (Docket No. 262). The amended motion was set for hearing on September 6, 2016.

On September 1, 2016, Northglen filed its response to the Amended Motion for Accounting of Funds and Determination of Amounts Due to Homeowner's Association. Northglen attached its ledger to the response. The ledger reflects that Northglen charged monthly collection fees from August 2011 through August 2016 totaling $1,820.00, monthly late charges from July 2011 through May 2012 totaling $29.58, and monthly interest from June 2012 through July 2016 totaling $71.88. (Docket No. 263-2). In its response, Northglen argues that Tex. Prop. Code § 209.0063 requires the application of payments to the oldest delinquent amount. (Docket No. 263).[2] Thus, Northglen applied Debtors' $50.00 payment on December 31, 2011 to prepetition debt. As a result, according to Northglen's ledger, Debtors' 2012 payments were insufficient to render Debtors' account current during 2012, and Northglen assessed late fees and collection fees as a result. (Docket No. 263-2).

---

[2]Tex. Prop. Code § 209.0063 provides in part:

> A payment received by a property owners' association from the owner shall be applied to the owner's debt in the following order of priority:
>
> > (1) any delinquent assessment;
> > (2) any current assessment;
> > (3) any attorney's fees or third party collection costs incurred by the association associated solely with assessments or any other charge that could provide the basis for foreclosure;
> > (4) any attorney's fees incurred by the association that are not subject to Subdivision (3);
> > (5) any fines assessed by the association; and
> > (6) any other amount owed to the association.

Tex. Prop. Code § 209.0063.

At the hearing on September 6, 2016, McKee appeared on behalf of Northglen and continued to advance the argument that the Texas Property Code governs the application of postpetition payments. The hearing was continued to November 15, 2016.

At the hearing on November 15, 2016, Casey Lambright and McKee both appeared on behalf of Northglen. At the November 15, 2016 hearing Lambright conceded for the first time that the provisions of the Bankruptcy Code and the confirmed plan apply to the application of postpetition payments.

## II. **The Bankruptcy Code and the Confirmed Plan Govern Postpetition Payments**

Property of the bankruptcy estate in Chapter 13 cases includes earnings of the Debtors during the case. 11 U.S.C. § 1306(a). All payments made to creditors during a Chapter 13 case, whether by the debtor or the trustee, are made pursuant to the plan. *In re Rodriguez*, 421 B.R. 356 (Bankr. S.D. Tex. 2009), *citing Matter of Foster*, 670 F.2d 478 (5th Cir. 1982).

Northglen's prepetition claim was scheduled for payment and paid under the Chapter 13 plan. Thus, Debtors' December 31, 2011 payment should have been applied to postpetition amounts, beginning with the January 2012 assessment. As a result, Debtors should not have incurred late charges, collection fees, and interest.[3] Debtors have made postpetition payments to Northglen during the case totaling $1,470.00. The proper assessments which had come due during the case as of the date of the hearing on this motion total $1,180.00. The court concludes that Debtors were ahead in their payments to Northglen by $290 as of November 15, 2016.

---

[3]Additionally, because the postpetition amounts were to come from property of the bankruptcy estate administered pursuant to the plan, collection fees are not allowed.

P:\daulton.20170322.wpd 4

### III. Debtors Recover Attorney Fees from Northglen

A person may recover reasonable attorney fees, in addition to the amount of a valid claim and costs, if the claim is for an oral or written contract. Tex. Civ. Prac. & Rem. Code § 38.001. Section 38.001(8) applies to contract actions regarding the covenants and assessments in neighborhood declarations. Sloan v. Owners Ass'n of Westfield, Inc., 167 S.W.3d 401 (Tex. App.-San Antonio 2005).

The time records of Debtors' counsel are in evidence. Debtors incurred fees of $4,489.50 in their contract dispute with Northglen regarding the proper application of postpetition payments. The court awards $4,489.50 in attorney fees to Debtors against Northglen.

Signed this 27 day of March, 2017 at Houston, Texas.

---
KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE